UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 1:22-cr-110 (RC) |
| v. | : | |
| | : | |
| **MATTHEW THOMAS KROL** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND REOPEN DETENTION HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Revoke Detention Order and Reopen Detention Hearing (ECF Doc. 24). In view of the factors outlined in 18 U.S.C. § 3142(g), there are no conditions or combinations of conditions that can effectively ensure the safety of any other person and the community and reasonably assure the appearance of the defendant, pursuant to 18 U.S.C. § 3142(e).

On March 30, 2022, a federal grand jury sitting in the District of Columbia returned an eight-count Indictment stemming from defendant Krol's involvement in the insurrection at the United States Capitol on January 6, 2021, and charging him with: (1) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Assaulting, Resisting, or Impeding Certain Officers; (3)-(4) two counts of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon in violation of 18 U.S.C. §§ 111(a) and (b); (5) Robbery in violation of 18 U.S.C. § 2111; (6) Entering and Remaining in a Restricted Building or Grounds with a Dangerous or Deadly Weapon in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); (7) Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon in violation of 18 U.S.C. §§

1752(a)(4) and (b)(1)(A); and (8) Act of Physical Violence in the Capitol Grounds or Buildings in violation of 40 U.S.C. § 5104(e)(2) (F)). ECF No. 11. Important to the detention analysis, several of these charges are "crimes of violence." *See* 18 U.S.C. §§ 3142(g)(1); 3156(a)(4) (defining a "crime of violence").

Defendant Krol was originally charged by criminal complaint and arrested in the Eastern District of Michigan. ECF Nos. 1, 5. The government requested pre-trial detention and a detention hearing was held on February 28, 2022, in the Eastern District of Michigan pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f). *See* Exhibits 1, 2 (U.S. Motion for Detention and Order Granting Motion). The Hon. Curtis Ivy, Jr. granted the government's motion for detention in a written order filed February 28, 2022. *See* Exhibit 2.

Defendant Krol has filed the instant motion to reconsider that order, citing *inter alia* his medical conditions since being detained. The United States is not presently in a position to assess whether defendant Krol's medical conditions have worsened since the time of arrest.[1] Judge Ivy was aware of these medical conditions at the time of the detention hearing, and they were considered prior to determining that pre-trial detention was appropriate in this case.

Furthermore, the motion relies heavily upon defendant Krol's personal history and characteristics, a factor to be considered in the detention analysis. *See* 18 U.S.C. § 3142(g)(3). Here again, Judge Ivy and the government both acknowledged in the prior detention argument that

---

[1] Should the U.S. Probation Office and the Court agree that Mr. Krol's medical issues are so serious that continued pretrial detention would be life-threatening, the United States respectfully requests that Mr. Krol be released under the most restrictive conditions to minimize the potential danger posed by Mr. Krol to the community, such as home detention, third-party custody, and the prohibition of any firearms or other weapons in the place where Mr. Krol will reside, among other conditions.

this factor favors defendant Krol, primarily due to a lack of criminal convictions. Judge Ivy acknowledged in his written order that this factor "favors release." *See* Exhibit 2 at 4. However, Judge Ivy went on to find that this factor was far outweighed by the other detention factors. *See id*. at 5-6. Nothing in the motion to reconsider detention filed by defendant Krol serves to alter the strength of the other factors favoring continued pre-trial detention: (1) the nature and circumstances of the offense; (2) the weight of the evidence against defendant Krol; and (4) the nature and seriousness of the danger to the community.

Defendant Krol briefly touches upon "defense of others" as a potential defense in this case. But this defense is inapplicable in this case even if defendant Krol actually believed he was defending someone when he initially became violent with police. There are five required elements for a general defense of others claim, such as the one the defendant is attempting to raise here: (1) the defendant actually believed that another person was in danger of injury; (2) that belief was reasonable; (3) the defendant actually believed that the use of force was necessary to defend the person against the danger; (4) that belief was reasonable as well; and (5) the defendant used a reasonable amount of force in response. *See United States v. Slatten*, 395 F. Supp. 3d 45, 112-113 (D.D.C. 2018) (emphasis added); *accord* Pattern Criminal Jury Instructions of the Seventh Circuit, 6.01 (2012 ed.) ("A person may use force when he reasonably believes that force is necessary to defend [himself/another person] against the imminent use of unlawful force."); Wayne R. LaFave, § 10.5, Defense of Another (Dec. 2021) ("[O]ne is justified in using reasonable force in defense of another person, even a stranger, when he reasonably believes that the other is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger.").

The videos of defendant Krol's actions on January 6, 2021, conclusively show that he was not attempting to defend anyone—rather, he just wanted to fight police. Defendant Krol and other violent protestors created the violent conditions at the Capitol that day. He was unlawfully on Capitol grounds and plainly attempting to break a police line protecting the U.S. Capitol building as part of a mob of violent protestors. The videos clearly show that defendant Krol's use of force was disproportionate and excessive with respect to any one person he may have believed was in danger—he engaged multiple assaults of multiple officers in the midst of a violent riot where police were severely outnumbered by a mob attempting to unlawfully enter the U.S. Capitol.

## CONCLUSION

The United States respectfully opposes the motion for the same reasons provided in its prior motion for detention and the order granting the motion, which are incorporated by reference and attached hereto as Exhibits 1 and 2.[2] A second detention hearing is unnecessary to resolve the issues raised in defendant Krol's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: /s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
WV Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov

---

[2] The United States will further submit the videos shown in the prior detention hearing and an audio recording of that hearing to chambers.