UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-CR-00110-RC |
| | Hon. Rudolph Contreras |
| v. | |
| | |
| MATTHEW THOMAS KROL, | |
| | |
| Defendant. | |

### DEFENDANT MATTHEW THOMAS KROL'S RESPONSE TO GOVERNMENT SENTENCING MEMORANDA

NOW COMES Defendant Matthew Thomas Krol, by and through his attorney, Michael J Cronkright, and Cronkright Law, PLLC, and states in response to the United States sentencing Memorandum:

### WOLVERINE WATCHMEN ASSOCIATION

In its Sentencing Memorandum, the Government attempts to create the illusion of complicity with activities that led to the prosecution of individuals involved in the attempted kidnapping of Governor Whitmer. It is interesting to note that the prosecution of several defendants in that matter were federal prosecutions based primarily on federal investigations. And yet, Matthew Krol was not indicted, not called to testify either at trial or before the grand jury, was not listed as a target of the investigation, was not interviewed by federal authorities about the investigation and was not a member of or even closely associated with the Wolverine Watchmen organization. The government uses the phrase that Mr. Krol was "an associate of members" to allude to a greater connection than exists.

The Facebook chat quoted by the government is real, although not new to the Court. These statements have been used repeatedly by the government to portray Mr. Krol as a current danger

to society.  In fact, Mr. Krol has made several hyperbolic and inflammatory statements that he now regrets.  His statement on the Capital steps in the fall of 2019, as referenced in this Facebook excerpt, is a perfect example of this. Nonetheless, he was not a member of the Wolverine Watchmen and was not a close associate of the individuals listed, even if he was on a group chat with some.  The Government presents no evidence that Mr. Krol even knew that such a plot was being discussed.

The Government attempts to make an issue of open carry and 2nd amendment rallies.  This writer recalls some of those events and acknowledges being shocked that it was lawful to open carry at our state capital.  Nonetheless, Michigan is an open carry state with liberal CPL laws.  Mr. Krol's admonition that people could concealed carry **with a permit** is an admonition to abide by the law.  The Government discusses Mr. Krol being detained by police while openly carrying a handgun.  The Government is well aware of Mr. Krol's' criminal history and has not objected to the guidelines calculation related to that (lack of) history.  Michigan aggressively prosecutes firearms violation and yet he was not charged with any criminal violations due to the simple fact that he had not committed any.

Now, with its latest filing, the Government claims that Mr. Krol lacks remorse and is failing to accept responsibility for Officer Gonell's injuries.  And yet, Mr. Krol, has pled to assaulting that same officer with a weapon.  Mr. Krol acknowledges his conduct and the wrongfulness of his conduct.  It is possible to have a factual dispute and take responsibility for your actions at the same time.  This is the case here.  Mr. Krol acknowledges that he wrongfully struck Officer Gonell with a baton which he wrongfully took from another officer.  He acknowledges that he struck other officers as well.  He acknowledges that Officer Gonell was injured and that those injuries appear to him to be serious.  None of this is new information to the government.  The Government knew

that he was disputing the assertion that he *caused* the injury at the time that they negotiated the plea. In fact, the Government's own exhibits chronicle an interview in which Officer was asked to respond to questions propose by the undersigned. The Government negotiated the current status of the case with the undersigned: that they would assert that Mr. Krol caused the injury and that he would dispute that assertion and rely on this Court to settle the dispute. Now, the Government asserts that their own negotiated settlement structure is evidence of Mr. Krol not accepting responsibility and being remorseful. And yet, knowing that he disputed that he caused the injury they advocated for the acceptance of responsibility reduction.

Miriam Webster defines remorse as "a gnawing distress arising from a sense of guilt for past wrongs."[1] It may be true that Mr. Krol arrived at his remorse over time. It should be no surprise if we scour Mr. Krol's pre-offense communications and find no remorse. Indeed, it has been asserted that the evidence in the case set Mr. Krol on the journey towards remorse. It has been asserted that his own assessment of the video evidence has been that things were not as they seemed to him at the height of the emotion charged events. Remorse is always retrospective. It is acquired after an event. This is clearly the case with Mr. Krol. In American society, we often turn to the court system to settle disputes of fact. In the instant case, that is not evidence of lack of remorse. In this case, it is evidence of Mr. Krol's confidence in the court system.

### THE DISPUTE REGARDING SERGEANT GONELL'S INJURIES

The main point of contention in this case is whether Mr. Krol is the person who caused injuries to Sergeant Gonell's right hand.

On January 23rd, 2021, Sergeant Gonell was interviewed by Agent Nicholas Morse Rivers and told Agent Rivers that his hand was extremely swollen from the force put on him while he was

---

[1] https://www.merriam-webster.com/dictionary/remorse

gripping the shield. He does not tell Agent Rivers anything about his hand being swollen or injured due to the alleged injury caused by Mr. Krol. In fact, on May 4th, 2021, Sergeant Gonell was further interviewed by Agent Benjamin R. Spinale and reported to him that he could not attribute the injury to his right hand to any specific individual. An FD 302 form authored by Agent Spinale regarding reports:



"GONELL suffered several injuries while on duty during the U.S. Capitol riots on 1/6/2021. He suffered contusions to his left shoulder, left calf, and right thumb and hand. He also suffered a hairline fracture to his right second toe for which he required surgery. His toe was fused with his big and middle toes with screws and plates. GONELL paid at most $200 in out-of-pocket medical expenses and was in the process of being reimbursed through workman's compensation. The shoulder contusion was caused from GONELL's altercation with KYLE FITZSIMONS. ***GONELL suffered the rest of his injuries during the course of the day's events and could not attribute them to an altercation with any specific individual.***

*Figure 1 Screenshot of strike on Officer AG's shoulder*

The Government provided a video titled "k0OYbJL[2]" which was analyzed and clearly shows that the baton contacted Sergeant Gonell's shoulder, however his right hand is not visible. When Sergeant Gonell's hand does become visible, there is no sign of an injury or blood on his knuckles where the alleged injury caused by Krol would have been.

---

[2] Government Exhibit – k0OYbJL



*Figure 2: Screenshot from k0OYbJL after strike on Officer AG's shoulder*

In an FD 302 form dated February 15th, 2023, "GONELL said that although he was involved in many confrontations throughout that day, he vividly remembers KROL's assault with the baton," [3] which is a direct contradiction to his previous statements stating he could not attribute his hand injuries to any one person. The same form states that "GONELL was forced to separate from the Capitol Police as a result of the injuries sustained from KROL's assault." It seems unlikely that, of all the injuries that Sergeant Gonell sustained, including shoulder and foot injuries which required surgery and physical therapy, the hand injury is the reason he was forced to separate.

The Government also asserts in their sentencing memorandum that "Krol has admitted to striking Sergeant Gonell with a dangerous weapon (a stolen police baton) on the West Plaza at around 2:30 p.m. on January 6, 2021" citing ECF 40 ¶ 9c. ECF 40 is the statement of offense and section 9c states: "As the line of police officers attempted to retreat from the surging crowd of rioters, KROL again moved forward and attacked United States Capitol Police Officer A.G. KROL struck Officer A.G. with the stolen police baton. Officer A.G. states that he suffered an injury to

---

[3] FD 302 Form dated February 15th, 2023

his hand from KROL's January 6, 2021, assault.[4]" Nothing in this statement is an admission from Mr. Krol that he caused an injury.  A full evidentiary hearing is requested to give both parties a chance to present evidence needed to resolve the issue.  Mr. Krol stands ready to accept the judgement of the Court after such a hearing.

Respectfully submitted,

Dated: December 12, 2023

_____
Michael J Cronkright (P52671)
Attorney for Matthew Krol

---

[4] Mr. Krol does not dispute that Officer Gonell is making that statement.  The Government would not dispute that this language was amended during the settlement discussion to specifically add the "officer AG states" language.  It is asserted that this sentence, properly read, is not an admission by Mr. Krol that he caused the injury but is an acknowledgment that the claim is being made.